NUMAN *against* KAPP.

IN ERROR.

*Lancaster, Saturday, May 30.*

THE plaintiff in error, gave his bond for the payment of 400*l.* to Kapp, with a warrant of attorney, under which judgment was confessed for 800*l.* the penalty. The judgment was revived by an amicable *scire facias*, and the lands of the obligor sold to *Peter Gloninger*, one of his creditors. The money levied was brought into court, and, according to the record, the Common Pleas of *Lancaster* county, upon the application and affidavit of *Gloninger* and *Moore*, the creditors of *Numan*, were " let in to a defence, *as to the* " *quantum of this debt*, to be tried on the plea of *payment* " and *non solvit*," the judgment and money levied to remain as a security until the determination. The issue was accordingly tried in *April* 1809, when it was proved, that the bond was given to *Kapp* for a larger sum than *Numan* really owed

*Though a bond, given for a larger sum than is due, for the purpose of defrauding creditors, is wholly void against creditors, yet if creditors are permitted to take defence as to the quantum due, upon the the obligee is entitled to a verdict for the sum due, though the plea of payment in form goes to the whole.*

It is not a ground for reversing a judgment, that the judge below erred in his charge, upon a matter not pertinent to the issue.

VOL. V.                    K

him, to protect the property of *Numan* from one *Leiss*, to whom he was also indebted; and the president of the district charged the jury, among other points which are immaterial, that in a case of fraud, of this sort, if it appears that there is money due to the plaintiff, the jury may give such sum as appears to be due, although the bond was taken for too much, and for the purpose of defrauding creditors. To this the creditors excepted, and the jury found a verdict for *Kapp* 240*l.* 1*s.* 3*d.*

*Godwin* and *Duncan* for the creditors, argued, that this opinion was without warrant in the law, as the bond, being given to defraud creditors, was, under the statute of 13 *Eliz. c. 5. sec.* 2, " clearly and *utterly* void, frustrate and of none effect," as against *them.* 3 *Bac.* 307. *Fraud. C.*, *Cadogan* v. *Kennett* (*a*), *Chapman* v. *Emery* (*b*), *Tonkins* v. *Ennis* (*c*), *Pow.* on *Mort.* 296., *Sugden* 433., *Roberts on Fraud. Con.* 591 —596. A fraudulent conveyance is as no conveyance against the persons intended to be defrauded. *Sands* v. *Codwise* (*d*). " The statute is like a tyrant; where he comes *he makes all void.* But the common law is like a nursing father, makes void that part where the fault is, and preserves the rest." *Maleverer* v. *Redshaw* (*e*). This is not the case of an objection raised by the obligor, but by persons who claim paramount. The plea of payment went to the whole matter, and the entry as to the quantum is overruled by it. At all events the opinion of the judge in his charge was wrong.

*Bowie* and *C. Smith* contra. If the direction of the court was right on the issue joined, or not wrong on the issue joined, this court will not reverse the judgment. Now the issue joined, though it might go to the whole, yet by the order of the court, and at the instance of the creditors, went but to part, the excess beyond what was due. The creditors had a discretion to ask what they pleased; they asked and obtained an issue to try the *quantum* under a certain plea. But certainly the judge was not wrong as to the issue; for the proposition he stated was not pertinent to the issue trying,·

(*a*) *Cowp.* 434.        (*c*) 1 *Eq. Abr.* 334.        (*e*) 1 *Mod.* 36.
(*b*) *Cowp.* 278.        (*d*) 4 *Johns.* 598.

but to a different issue. Besides, here was a judgment, execution and sale under the bond. After going thus far, creditors come in merely under the equity powers of the court; and therefore, whatever may be the effect of the statute generally, they could not be permitted to come in, but upon the terms of allowing what was due. *Maxims of Eq.* 3, 4., 1 *Fonbl.* 22, 23. 128., *Townsend* v. *Lowfield* (*a*), *Herne* v. *Meeres* (*b*). The judge therefore was not wrong.

TILGHMAN C. J. This case has been perplexed by wandering from the record. It will be attended with no difficulty if we consider the issue joined, and recollect that the charge of the court below is to be applied to that issue. *Kapp*, the plaintiff below, had entered judgment against *Numan* the defendant, on his judgment bond for 800*l.* conditioned for payment of 400*l.* This judgment was afterwards revived by an amicable *sci. fa.*, an execution issued, and the land of *Numan* levied on and sold to *Peter Gloninger*, a creditor of *Numan's.* After these proceedings, a rule was granted for bringing the money proceeding from this sale into court, in order that it might be appropriated and paid as the court should direct; and on the application and affidavit of *Gloninger*, the creditors of *Numan* were let in to a defence *as to the quantum of the debt* due from *Numan* to *Kapp*, to be tried on the plea of payment. Accordingly issue was joined on this plea, and the cause brought to trial. The error assigned, is in that part of the judge's charge in which he says, that the jury may find for the plaintiff the amount of the debt justly due to the plaintiff, although they should be of the opinion, that the bond was given for more than was due, with an intent to defraud the creditors of the defendant. This is very good law applied to the issue, which was on the *quantum* of the debt, but would be very bad on an issue which brought the validity of the bond into question. It was for the creditors who complained of the bond, to ask relief in what manner and to what extent they pleased. They might have reasons of their own, unknown to us, for consenting that *Kapp* should receive the money that was fairly due to him. But we have no right to conjecture on the subject. It is stated in the record, that the creditors were let in to dispute

(*a*) 1 *Ves.* 35.                    (*b*) 1 *Vern.* 465.

1812.

NUMAN
v.
KAPP.

the quantum of the debt, and so we must take it. The judge could not alter the issue, and, if he was right with respect to that, we ought not to reverse the judgment, although, in some part of the charge, he may have given an erroneous opinion on a matter not pertinent to the issue. My opinion is that the judgment should be affirmed.

YEATES J. It is beyond all doubt, that a deed, made with the purpose or intent to *delay*, *hinder*, or *defraud* creditors of their lawful actions and demands, is utterly void, both at common law and under the statute of 13 *Elizabeth*. It is binding as between the parties; but as to creditors, it is deemed to have no lawful existence, and, therefore, cannot be recognised for any lawful purpose. The real controversy therefore here is, what was the issue, and between what parties was it tried? [His honour then stated the facts, and proceeded as follows:]

To the charge of the judge to the jury, I cannot subscribe. It is obscure, and by no means explicit. But, whatever he said, which was not pertinent to the issue then trying, I consider as extraneous matter, and not to be assignable as error, in the manner in which the record comes before us, if the opinion he delivered at the trial, on the true issue joined, was correct and legal.

The record alone can give us information of the matter to be tried, and herefrom we learn, that the creditors were let in to a defence *as to the quantum of the debt*. In all probability, more was not asked for by the two creditors, and it was very natural for the second judgment creditor to require payment of the *surplus* sum beyond the true debt of *Kapp*, to be appropriated to his use. Be this as it may, I feel myself bound by the plain meaning of the docket entry; and, in that view of the case, I think the judge was warranted in charging the jury, that they might give to the plaintiff below such sum as appeared to be due.

I am of opinion that the judgment of the Court of Common Pleas be affirmed.

BRACKENRIDGE J. was sick during the argument, and gave no opinion.

Judgment affirmed.